UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DEREK TAPP )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:02-cr-22<br>(2:12-cv-313) |

**MEMORANDUM AND ORDER**

When Petitioner was sentenced on July 21, 2003, he was classified as a career offender based on two earlier North Carolina convictions. On July 25, 2012, Petitioner filed a motion under 28 USC §2255 to vacate, set aside or correct his sentence, asserting that one of those North Carolina convictions does not qualify as a felony for purposes of USSG 4B1.1 because his sentence for that conviction was less than one year. He of course relies on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The government initially responded[1] that Petitioner's motion should be denied on either or both of two bases: that his motion was filed too late, and that in his Plea Agreement[2] Petitioner explicitly waived his right to file a motion under 28 USC §2255 except for a claim alleging ineffective assistance of counsel or prosecutorial misconduct[3], neither of which Petitioner has alleged in his motion.

Petitioner also has filed a motion under 18 USC § 3582(c). His attorney who represents him regarding that motion has asked that the court also appoint her to represent Petitioner with

---
[1] Doc. 206.
[2] Doc. 59.
[3] *Id*., ¶ 13.

regard to this §2255 motion and then proceed to consider both motions together.[4] Counsel pointed out that the government had waived reliance on the statute of limitation in other cases (*e.g*., document 206 in *U.S. v. Snipes*, 2:03-CR-70), and by implication the government would (or should) now waive its reliance on the one-year limitation period in this case, its earlier response notwithstanding.

To ascertain the government's position concerning the statute of limitation, the Magistrate Judge ordered the United States Attorney to unequivocally state whether it now intended to waive its reliance on the statute of limitation and the waiver provision in the Plea Agreement, or whether it continued to adhere to the position asserted in its original response. The government's attorney indicated the latter.[5]

As discussed in the following paragraphs, the government's position regarding both §2255(f) and the appeal waiver provision the plea agreement is correct, as a result of which Petitioner's motion must be denied.

*TIMELINESS*

Motions under 28 USC §2255 are subject to a one-year limitation period running from the latest of the following dates:

(1) The date on which the judgment of conviction became final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the united States is removed, if the movant was prevented from making such a motion by such governmental action;

---

[4] Doc. 233, p. 2.
[5] Doc. 239. This court knows of no statute or case that compels the government to waive reliance on the statute of limitation in every case because it has waived such reliance in others.

2

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 USC §2255(f).

Petitioner's conviction became final on August 4, 2003. Therefore, all other considerations aside, under 28 USC §2255(f)(1) he had until August 5, 2004 to file a motion to vacate, set aside or correct his sentence. He filed his motion on July 25, 2012, just short of eight years beyond the deadline for doing so.

Subsections (f)(2) and (f)(4) are inapplicable to Petitioner's motion. If Petitioner's motion can be held to be timely filed, it must be on the basis of subsection (f)(3).

*Carachuri-Rosendo* was decided on June 14, 2010, more than two years before Petitioner filed his motion. And *United States v. Simmons* is of no help. First, it is a decision of the Fourth Circuit Court of Appeals, of no effect in the Sixth Circuit. More importantly, the Sixth Circuit Court of Appeals, in *United States v. Pruitt*, 545 F3d 416 (6th Cir. 2008), anticipated the holding in *Simmons* long before *Simmons* was decided by the Fourth Circuit, a fact that the *Simmons*' court itself pointed out in its opinion.[6] Thus, the essential holding of *Simmons* has been the law in the Sixth Circuit since the date *Pruitt* was decided, October 21, 2008. Petitioner filed his motion well over three years after *Pruitt*.

Petitioner's motion was filed far more than one year after either *Carachuri-Rosendo* or *Pruitt*; as a result, subsection (f)(3) does not apply to Petitioner's motion.

---

[6] *Simmons*, 649 F3d at 244.

3

Neither does equitable tolling apply to Petitioner's situation. Equitable tolling is available only to a *habeas* petitioner who shows that (1) he diligently pursued his rights and (2) some "extraordinary circumstance prevented timely filing." *Robertson v. Simpson*, 624 F.3d 781 (6th Cir. 2010) [citing *Holland v. Florida*, 560 U.S. 631, 638 (2010)]. The burden is upon the petitioner to show that he exercised due diligence in protecting his appellate rights. *Robinson v. Easterling*, 2011 WL 1977272 (6th Cir. 2011). Equitable tolling should be applied "sparingly," *Solomon v. United States*, 467 F.3d 928, 933 )(6th Cir., 2006). *Pruitt* has been the law in this circuit since 2008, and Petitioner must be charged with knowledge of it. He did not exercise due diligence, and there is no basis to equitably toll the one-year period to file a §2255 motion. Petitioner's motion is time-barred.

## *WAIVER OF RIGHT TO FILE A §2255 MOTION*

A defendant may validly waive his right to file a §2255 motion, and such provisions are enforceable. *See In Re Acosta*, 480 F.3d 421, 422 (6th Cir., 2007), and cases cited therein. Petitioner does not argue that he did not understand the waiver or that it is not binding on him for some other reason. There is no basis for this court to ignore Petitioner's knowing and valid waiver of his right to file a §2255 motion, *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). His motion is barred by the waiver in his plea agreement.

## *CONCLUSION*

Petitioner's motion was not timely filed and it is therefore **DENIED**.

A certificate of appealability should issue only if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right," 28 USC § 2255(c)(2). Having considered Petitioner's motion under the standard of *Slack v. Daniel*, 529 U.S. 473 (2000), the

4

court finds that reasonable jurists could not conclude that the denial of Petitioner's motion was wrong or debatable. Therefore, a certificate of appealability is also **DENIED**.

A judgment in accordance with this Memorandum and Order will be filed.

SO ORDERED:


                                              s/ Leon Jordan
                                       United States District Judge