UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:02-CR-022 |
| | ) | |
| DEREK TAPP | ) | |

## MEMORANDUM AND ORDER

Now before the court are the defendant's *pro se* motion for appointment of counsel [doc. 219] and the Federal Defender Services' subsequent "Reply to Government Response in Opposition to Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)" [doc. 233]. Although no § 3582 motion has actually been filed on behalf of the present defendant, the court will construe the above-cited filings as such. The defendant asks that his sentence be reduced from 216 months to as low as 155 months, in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G.") and in consideration of his 28 U.S.C. § 2255 motion to vacate.[1]

By its "Amended Response to § 3582(c) Motion" [doc. 240], the United States notes the defendant's disciplinary infractions while incarcerated but ultimately defers to the court's discretion whether and to what extent to reduce his sentence, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's request will be granted in part.

---

[1] The § 2255 motion was denied on September 14, 2015. [Docs. 242-244]. The only issue remaining before the court is the defendant's entitlement to Amendment 782 relief.

## I. Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background (2015).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of

2

the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2015). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2015). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

---

[2] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

## II. Factual Background

By judgment dated July 19, 2003, the Honorable Thomas G. Hull sentenced the defendant to a term of imprisonment of 216 months as to Count One (a cocaine base conspiracy). The defendant's guideline range was 292 to 365 months, based on a total offense level of 35 and a criminal history category of VI.[3]

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. Judge Hull granted the motion and imposed the 216-month sentence, a reduction of 26 percent from the bottom of the applicable 2D1.1 guideline range. According to the Bureau of Prisons ("BOP"), the defendant is presently scheduled for release on July 31, 2018.

## III. Analysis

Post-Amendment 782, the defendant's § 2D1.1 guideline range is now lower than his career offender range of 262 to 327 months. Therefore, the higher career offender range now applies. *See* U.S.S.G. § 4B1.1(b).

Even though the defendant's sentence is now based on the career offender guideline, he is nonetheless entitled to Amendment 782 relief. The career offender range would not now be applicable but for the Sentencing Commission's lowering of the previously higher § 2D1.1 range upon which the defendant's original sentence was based. Thus, as the United States acknowledges, the defendant was originally sentenced to a

---

[3] The sentencing guidelines also classified the defendant as a career offender pursuant to U.S.S.G. § 4B1.1, with a resulting guideline range of 262 to 327 months. However, his U.S.S.G. §2D1.1 (non-career offender) guideline range was higher, and that higher range applied. *See* U.S.S.G. § 4B1.1(b).

4

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

A corresponding 26 percent substantial assistance reduction from the bottom of the new (career offender) guideline range would result in a sentence of 194 months. The court has considered the filings in this case, along with each of the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, his post-sentencing conduct, and the need to protect the public. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).

The defendant has put forth some rehabilitative effort while incarcerated. Between 2004 and 2006, he completed several personal and vocational courses, most notably 100 hours of small appliance training. Curiously though, over the next nine and a half years, he earned only one hour of educational credit. However, since the filing of his Amendment 782 documents, the defendant is again participating in classes and has completed at least 40 hours.

Conversely, the defendant has also committed several infractions while incarcerated. Most particularly, he has been sanctioned four times since 2011 for possession or use of drugs or alcohol while in BOP custody. These infractions are obviously troubling because the defendant is presently incarcerated for a controlled substance offense. His criminal background is extensive and partly drug-related. Continued misconduct is a serious concern.

5

On a more positive note, the defendant is currently on the waiting list for the BOP's Residential Drug Abuse Treatment Program ("RDAP"). He has also completed BOP's shorter 40-hour drug education course. The sentence reduction awarded herein may make RDAP participation impossible, but the defendant's interest in that program is to be commended.

Having weighed all the above-cited considerations, the court finds that the defendant should only be granted a partial sentence reduction of 15 months. While the court has considered all of the applicable 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 factors, it is specifically noted that the defendant's disciplinary infractions while incarcerated - paired with his history and characteristics - reinforce the need to promote respect for the law, protect the public from further crimes by this defendant, and adequately deter criminal conduct by this defendant once he begins his term of supervised release. *See* 18 U.S.C. § 3553(a)(2). As noted above, "[t]he authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background.

**IV. Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [docs. 219, 233] is **GRANTED IN PART**. The defendant's term of imprisonment is reduced to **201 months**. Except as provided above, all provisions of the judgment dated July 19, 2003, shall remain in effect.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge